UNITED STATES DISTRCIT COURT OF MICHIGAN
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CEDRIC CARTER,**

                              Plaintiff,

v                                                           Case No.

                                                          Hon.

**RIVERSHELL APARTMENTS, LLC,** and **CONNIE ROBERTS,**

                              Defendants.

_____/

**OKEMOS LEGAL GROUP, PLLC**
Agustin Henriquez (P79589)
Attorney for Plaintiff
4125 Okemos Rd.
Okemos, MI 48864
(517) 345-7600
Agustin@okemoslegalgrouppllc.com

---

## ORIGINAL COMPLAINT

NOW COMES the plaintiff, Cedric Carter, by and through his attorneys Okemos Legal Group, PLLC, for his original Complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff, Cedric Carter ("Plaintiff") is an individual who resided in the County of Eaton at all times relevant to this Complaint.

2. The corporate defendant Rivershell Apartments, LLC ("Rivershell Apartments"), is upon information and belief, a limited liability company that owns the apartment complex in

which Plaintiff resides and hired individual defendant Connie Roberts ("Roberts") to manage the apartment at all times relevant to this Complaint.

3. The individual defendant Roberts is, upon information and belief, an individual that was hired to manage the Rivershell Apartment complex in the County of Eaton, State of Michigan, at all times relevant to this Complaint.

4. The Plaintiff is an aggrieved person as defined by 42 U.S.C. Section 3602, because he has been repeatedly denied an accommodation regarding a rental unit despite his disability and his request for an accommodation of that disability, and because he has been retaliated against because of those requests.

5. The Plaintiff is also qualified person with a disability (cerebral palsy) under 29 U.S.C. Section 794.

6. This action is brought in part under the Fair Housing Act, which is Title VIII of the Civil Rights Act of 1978, as amended by the Fair Housing Act of 1988, 42 U.S.C. Section 3601 *et seq.*, and under the Rehabilitation Act of 1973, as amended in 1978, and specifically under Section 504 of the same (29 U.S.C. Section 794).

7. The corporate defendant Rivershell Apartments is a recipient of federal HUD funds upon information and belief.

8. This Court has Federal Questions jurisdiction of this lawsuit pursuant to 28 U.S.C. Section 1331.

9. This Court has supplemental jurisdiction of state claims brought alongside the federal claims because the state claim arises out of the same common nucleus of operative fact as the federal claims.

**GENERAL ALLEGATIONS**

10. Plaintiff restates and realleges as though fully set forth herein paragraphs 1-9 of this Complaint.

11. Plaintiff has cerebral palsy, which limits his mobility to the point he is dependent on the use of a wheelchair.

12. Plaintiff therefore is substantially limited in the major life activity of walking and cannot engage in the major life activities of physical exertion and climbing normal stairways.

13. Plaintiff is a current resident of Rivershell Apartments.

14. While applying for residence at Rivershell Apartments, Plaintiff disclosed his disability, his reliance on two support animals, and the requirement of ramps to be installed at his specific residence building.

15. Plaintiff entered into a leasehold agreement with Defendants on or around January 25, 2019.

16. When Plaintiff moved into Rivershell Apartments, defendants failed to furnish a ramp to his residence.

17. To this day, defendants have failed to install a ramp to Plaintiff's specific residence.

18. To this day, Plaintiff cannot access any part of his specific residence without physically moving himself from his wheelchair and climbing through his patio, causing him immense pain and physical hardship.

19. Throughout his leasehold with defendants, Plaintiff repeatedly made requests for a ramp to be added to his specific residence but has been rebuffed by defendant Roberts.

20. Plaintiff has been singled out due to his support animals by defendants while other tenants of the Rivershell Apartments complex have had barking dogs and were allowed to keep animal breeds that were banned by policies of the defendants.

21. Plaintiff was forced to get rid of one of his support animals even though the support animal in question did not harm other tenants and other tenants were allowed to keep the same animal breed while the Plaintiff was mandated to remove and terminate one of his support animals.

22. On May 15, 2020, Plaintiff called in a noise complaint against tenant Eric Lopez, in which Plaintiff was assured that the noise complaint would be anonymous by defendant Roberts.

23. On May 20, 2020, tenant Eric Lopez physically assaulted and battered Plaintiff as a result of the supposed anonymous noise complaint which lead to Plaintiff sustaining injuries and further exacerbating his disability.

24. As of the writing of this Complaint, there are criminal charges pending against tenant Eric Lopez for the events listed in paragraph 23.

25. The events listed in paragraph 23 occurred at the Rivershell Apartment complex.

26. As of the writing of this Complaint, Eric Lopez is still a tenant at Rivershell Apartments complex, despite violating a provision in the lease that gives defendants the right to initiate eviction proceedings against him immediately.

27. Defendant Roberts retaliated against Plaintiff for filing the MDCR complaint against her and corporate defendant Rivershell Apartments by telling tenant Eric Lopez that Plaintiff called a noise complaint against him.

28. It was foreseeable that tenant Eric Lopez would retaliate against Plaintiff for the noise complaint.

29. Defendant Roberts breached Plaintiff's confidence and trust by revealing to tenant Eric Lopez that it was Plaintiff that reported him for a noise violation.

30. Defendant Roberts breached Plaintiff's confidence and trust in retaliation for Plaintiff's MDCR complaint as well as repeatedly asserting his rights for accommodation in the form of building a ramp to his specific residence and for maintaining support animals.

31. Plaintiff has also been exposed to threats of physical violence and racial slurs ("boy") by tenant Melvin Long on corporate defendant's property.

32. Defendants knew of the altercation described in paragraph 30.

33. Tenant Melvin Long still lives in the Rivershell Apartment complex and faced no consequences as a result of the actions described in paragraph 30.

34. On January 17, 2021, Plaintiff received a 30-day Notice to Quit from Defendants stating that Plaintiff needed to move out by February 28, 2021 due to the completion of the lease. [Exhibit A].

35. The original lease signed by Plaintiff and defendants proscribed a 60 day notice in order to terminate leasehold prior to the expiration of the same. [Exhibit B].

36. As of the writing of this Complaint, Defendants have not followed through with the 30-day Notice and did not initiate eviction proceedings against Plaintiff.

37. Defendants disregarded their own lease terms to harass Plaintiff by filing a frivolous 30-day Notice to Quit.

38. Defendants had no intention of following through with the 30-day Notice to Quit, as the document itself was meant to harass and retaliate against Plaintiff for filing civil rights complaints against defendants.

39. Plaintiff has been subject to disparate treatment from defendants because they did not evict or punish other individuals who reside at the Rivershell Apartment complex despite their open, obvious, and notorious violations of polices.

40. Plaintiff, as a result of the defendants' discriminatory and retaliatory actions described above, has suffered, and will continue to suffer financial losses, physical and emotional distress, humiliation, embarrassment, outrage, disappointment, indignity, concern for his health, loss of enjoyment of life, and other consequential and incidental damages.

## COUNT I – BIOLATIONS OF THE FAIR HOUSING ACT AND THE REHABILITATION ACT

41. Plaintiff restates and realleges as though fully set forth herein paragraphs 1-40 of this Complaint.
42. Defendants discriminated against and retaliated against Plaintiff in the ways set forth at length above.
43. The discrimination, including the failure to accommodate, and the retaliation set forth above, occurred at all times relevant to this Complaint.
44. As a result of the discriminatory and retaliatory conduct set forth above, Plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE,** Plaintiff requests a judgment and order against the defendants declaring their conduct unlawful and enjoining further discriminatory and retaliatory conduct; awarding Plaintiff compensation for the damages and injuries he suffered and will continue to suffer in the future; awarding Plaintiff punitive damages; and awarding Plaintiff interest, costs, attorney's fees and other relief this Court deems fair and just.

## COUNT II – VIOLATION OF THE MICHIGAN PERSON WITH DISABILITIES CIVIL RIGHTS ACT

45. Plaintiff restates and realleges as though fully set forth above, paragraphs 1-44 of this Complaint.

46. Defendants are real estate brokers or salesmen, as that term is defined in MCL 37.1501, and are located in Eaton, Michigan.

47. As a result of the discriminatory and retaliatory conduct set forth above, Plaintiff has suffered the damages set forth above.

**WHEREFORE,** Plaintiff requests a judgment and order against the defendants declaring the defendants' conduct unlawful, enjoining further discriminatory conduct, and awarding him compensation for the damages and injuries he suffered and will continue to suffer in the future plus interests, costs, attorney's fees and any other relief this Court deems fair and just.

### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff Cedric Carter, by and through his attorneys, and hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

OKEMOS LEGAL GROUP, PLLC

Dated: March 22, 2021

/s/ Agustin Henriquez
Agustin Henriquez (P79589)
Attorney for Plaintiff
4125 Okemos Rd.
Okemos, MI 48864
(517) 345-7600
Agustin@okemoslegalgrouppllc.com