UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC CARTER,

    Plaintiff,

v.

RIVERSHELL APARTMENTS, LLC, et al.,

    Defendants.

_____/

Case No. 1:21-cv-263

HON. JANET T. NEFF

**OPINION AND ORDER**

This case arises out of a series of landlord-tenant disputes. Plaintiff alleges discrimination, retaliation, and failure to accommodate claims in violation of state and federal law. Defendants filed two separate motions for summary judgment (ECF Nos. 93 & 94). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendants' motions be granted as to the federal claims and that the Court decline to exercise jurisdiction over the state law claims (ECF No. 111). The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff makes many of the same arguments in his objections that the Magistrate Judge adequately addressed and rejected in the R&R. Objections are not a vehicle to rehash old arguments without explaining why the Magistrate Judge erred in rejecting the arguments. *See*

*Jarbou v. JPMorgan Chase Bank N.A.*, 611 F. App'x 342, 343-44 (6th Cir. 2015); *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, *3 (W.D. Mich. March 28, 2013).

More importantly, Plaintiff does not address the most crucial part of the Magistrate Judge's analysis. Despite two years of discovery, Plaintiff failed to cite any evidence in his summary judgment response. The Magistrate Judge carefully reviewed the admissible evidence presented by Defendants and correctly determined that Defendants met their initial summary judgment burden. *See Minadeo v. ICI Paints,* 398 F.3d 751, 761 (6th Cir. 2005). The Magistrate Judge then repeatedly found that Plaintiff did not present any evidence to show a genuine issue of material fact. Plaintiff has still not cited any evidence in his objections. He states that some allegations are "uncontested" without any support and that "Defendants have not deposed all of Plaintiff's witnesses and [Plaintiff] can produce witnesses along with his own testimony and testimony of Defendants and their agents . . . ." (ECF No. 114 at PageID.959). That is not how it works. Discovery ended on November 29, 2022. At this stage, Plaintiff "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). He failed to do so. In sum, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 114) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 111) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 93 & 94) are GRANTED. Plaintiff's federal law claims are DISMISSED WITH PREJUDICE. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367.

Dated:  September 15, 2023                    /s/ Janet T. Neff
                                                                                                                               JANET T. NEFF
                                                                                                                               United States District Judge